UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

KEVIN DE LA CRUZ and ANTHONY
TABAS,

                       Plaintiffs,

      -against-

MDBH MOBILE 3 INC., MRBH MOBILE
INC., MDBH MOBILE 7 INC., MDBH
MOBILE INC., CELL PHONES OF
HARLEM, INC., HIGH SPEED WIRELESS
1618, INC., GH WIRELESS II, INC., and
MORIS HASBANI,

                    Defendants.

-------------------------------------------------------X

22 CV 03053 (SN)

## AMENDED COMPLAINT

Plaintiffs, KEVIN DE LA CRUZ ("Cruz") and ANTHONY TABAS ("Tabas") (collectively, "Plaintiffs"), as and for their Complaint against Defendants, MDBH MOBILE 3 INC., MRBH MOBILE INC., MDBH MOBILE 7 INC., MDBH MOBILE INC., CELL PHONES OF HARLEM, INC., HIGH SPEED WIRELESS 1618, INC., GH WIRELESS II, INC. and MORIS HASBANI (collectively, "Defendants"), respectfully allege as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and for other relief.

2.      Jurisdiction over Plaintiffs' FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff Cruz is an adult male who resides in the State of New York.

6.      Plaintiff Tabas is an adult male who resides in the State of Connecticut.

7.      Upon information and belief, Defendant MDBH Mobile 3 Inc. is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Upon information and belief, Defendant MDBH Mobile 3 Inc. owned and operated a cell phone store located at 2085 Lexington Avenue, New York, NY.

9.      Upon information and belief, Defendant MDBH Mobile 3 Inc. maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

10.     Upon information and belief, Defendant MDBH Mobile 3 Inc. was owned, operated, and controlled by Defendant Moris Hasbani.

11.     Upon information and belief, Defendant MRBH Mobile Inc. is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.     Upon information and belief, Defendant MRBH Mobile Inc. owned and operated a cell phone store located at 1618 Westchester Avenue, Bronx, New York.

13.     Upon information and belief, Defendant MRBH Mobile Inc. maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

14.     Upon information and belief, Defendant MRBH Mobile Inc. was owned, operated, and controlled by Defendant Moris Hasbani.

15.     Upon information and belief, Defendant High Speed Wireless 1618 Inc. is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

16.     Upon information and belief, Defendant High Speed Wireless 1618 Inc. owned and operated a cell phone store located at 1618 Westchester Avenue, Bronx, New York.

17.     Upon information and belief, Defendant High Speed Wireless 1618 Inc. maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

18.     Upon information and belief, Defendant High Speed Wireless 1618 Inc. was owned, operated, and controlled by Defendant Moris Hasbani.

19.     Upon information and belief, Defendant MDBH Mobile 7 Inc. is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

20.     Upon information and belief, Defendant MDBH Mobile 7 Inc. owned and operated a cell phone store located at 271 West 125th Street, New York, NY.

21.     Upon information and belief, Defendant MDBH Mobile 7 Inc. maintained control, oversight, and direction over Plaintiff De La Cruz, including timekeeping, payroll, and other employment practices applied to him.

22.    Upon information and belief, Defendant MDBH Mobile 7 Inc. was owned, operated, and controlled by Defendant Moris Hasbani.

23.    Upon information and belief, Defendant MDBH Mobile Inc. is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

24.    Upon information and belief, Defendant MDBH Mobile Inc. owned and operated a cell phone store located at 14 West 125th Street, New York, NY.

25.    Upon information and belief, Defendant MDBH Mobile Inc. maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

26.    Upon information and belief, Defendant MDBH Mobile Inc. was owned, operated, and controlled by Defendant Moris Hasbani.

27.    Upon information and belief, Defendant Cell Phones of Harlem Inc. is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

28.    Upon information and belief, Defendant Cell Phones of Harlem Inc. owned and operated a cell phone store located at 16 West 125th Street, New York, NY.

29.    Upon information and belief, Defendant Cell Phones of Harlem Inc. maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

30.    Upon information and belief, Defendant Cell Phones of Harlem Inc. was owned, operated, and controlled by Defendant Moris Hasbani.

31.    Upon information and belief, Defendant GH Wireless II, Inc. is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

32.     Upon information and belief, Defendant GH Wireless II, Inc. owned and operated a cell phone store located at 43 S. 4th Avenue, Mount Vernon, New York.

33.     Upon information and belief, Defendant GH Wireless II, Inc. maintained control, oversight, and direction over Plaintiff Tabas, including timekeeping, payroll, and other employment practices applied to him.

34.     Upon information and belief, Defendant GH Wireless II, Inc. was owned, operated, and controlled by Defendant Moris Hasbani.

35.     The seven (7) corporate entity defendants are hereinafter referred to as the "Cell Phone Stores."

36.     Upon information and belief, Defendant Moris Hasbani is a resident of the State of New York.

37.     Upon information and belief, at all relevant times, Defendant Moris Hasbani was a shareholder, owner, officer, director, and/or managing agent of the Cell Phone Stores.

38.     Upon information and belief, at all relevant times, the Cell Phone Stores were owned, operated, and/or controlled by Defendant Moris Hasbani.

39.     Upon information and belief, at all relevant times, Defendant Moris Hasbani exercised operational control over the Cell Phone Stores, controlled significant business functions of the Cell Phone Stores, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of the Cell Phone Stores in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

40.     Upon information and belief, at all relevant times, Defendant Moris Hasbani participated in running the daily operations of the Cell Phone Stores.

41.    Upon information and belief, at all relevant times, Defendant Moris Hasbani participated in the management and supervision of the employees employed by the Cell Phone Stores, including Plaintiffs.

42.    Upon information and belief, the Cell Phone Stores are part of a single integrated enterprise that jointly employed Plaintiffs.

43.    Upon information and belief, the Cell Phone Stores' operations are interrelated and unified.

44.    Upon information and belief, the Cell Phone Stores shared common management, were centrally controlled, and/or were owned by Defendant Moris Hasbani.

45.    Upon information and belief, at all relevant times, the Cell Phone Stores shared employees, equipment, and supplies.

46.    Defendants had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

47.    Defendants maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

48.    Defendants are covered employers within the meaning of the FLSA and the NYLL.

**FACTS**

49.    The Cell Phone Stores identified herein operate for the purpose of selling cellular telephones, accessories, and other merchandise to the public.

50.    At all times relevant to this action, Plaintiffs were employed as retail clerks for the benefit of and at the direction of Defendants at the Cell Phone Stores.

51.    Plaintiff Cruz was employed by Defendants from on or about February 2017 to on or about April 2018 and then from on or about December 2018 until about March 30, 2022.

6

52.     During this time, Defendant Moris Hasbani had Plaintiff Cruz work at the Cell Phone Stores located at 2085 Lexington Avenue, New York, NY, 1618 Westchester Avenue, Bronx, New York, 14 West 125th Street, New York, NY, 16 West 125th Street, New York, NY, and 271 West 125th Street, New York, NY.

53.     Plaintiff Tabas was employed by Defendants from on or about June 2016 to October 2018.

54.     During this time, Defendant Moris Hasbani had Plaintiff Tabas work at the Cell Phone Stores located at 14 West 125th Street, New York, NY, 16 West 125th Street, New York, NY, 1618 Westchester Avenue, Bronx, NY, 2085 Lexington Avenue, New York, NY, and 43 S. 4th Avenue, Mount Vernon, New York.

55.     Defendant Moris Hasbani assigned Plaintiffs to work at the Cell Phone Stores on an as needed basis.

56.     Throughout their employment, Plaintiffs' primary duties were to sell cell phones and accessories to customers and operate the cash register.

57.     Throughout their employment, Plaintiffs regularly processed credit card transactions as part as selling cell phones and accessories to customers.

58.     Throughout their employment, Plaintiffs generally worked six days a week from 9:00 a.m. or 9:30 a.m. to at least 7:30 p.m. and oftentimes later.

59.     Plaintiffs were not given uninterrupted meal breaks during their shifts.

60.     Throughout their employment, Plaintiffs generally worked at least 63 hours a week.

61.     Throughout their employment, Defendant Moris Hasbani paid Plaintiffs a daily rate of pay in cash.

62.     Throughout their employment, Defendant Moris Hasbani paid Plaintiffs on a weekly basis in cash.

63.     Throughout Plaintiff Cruz's employment, Defendant Moris Hasbani paid him $80.00 a day in cash from February 2017 to February 2018, then $100.00 a day in cash from February 2018 to March 2020, then $120.00 a day in cash from March 2020 to April 2021, and finally $140.00 a day in cash from April 2021 to April 2022.

64.     During each year of Plaintiff Cruz's employment, Defendants regularly paid Plaintiff Cruz less than the New York State statutory minimum wage rate.

65.     Throughout Plaintiff Tabas' employment, Defendant Moris Hasbani paid him $120.00 a day in cash from June 2016 until January 2017, $140.00 a day in cash from January 2017 until February 2018, $150.00 a day in cash from February 2018 to July 2018, and $130.00 a day in cash from July 2018 to October 2018.

66.     From July 2018 to October 2018, Defendants paid Plaintiff Tabas less than the New York statutory minimum wage rate.

67.     Throughout their employment, Plaintiffs were not paid overtime compensation for any hours that they worked in excess of forty (40) hours each week.

68.     Throughout their employment, Plaintiffs were not paid at a rate of one and one-half times their regular rate of pay for any hours that they worked in excess of forty (40) hours each week.

69.     During Plaintiffs' employment, Plaintiffs regularly worked more than ten (10) hours per shift.

70. During Plaintiffs' employment, despite working more than ten (10) hours per shift, Defendants did not pay Plaintiffs spread of hours compensation at a rate of one extra hour of pay at the minimum wage rate for any day in which Plaintiffs worked in excess of ten (10) hours.

71. Plaintiffs were not provided with a notice and acknowledgment of payrate and pay day, or any other type of wage notice, at the time of their hiring or at any other time thereafter, as required by NYLL § 195(1).

72. Plaintiffs were not provided with complete and accurate earnings statements along with their weekly earnings, as required by NYLL § 195(3).

73. Defendant Moris Hasbani participated in the decision to hire Plaintiffs.

74. Defendant Moris Hasbani participated in deciding the manner in which Plaintiffs were paid.

75. Defendant Moris Hasbani participated in setting Plaintiffs' work schedules.

76. Defendant Moris Hasbani participated in deciding the hours that Plaintiffs worked each week.

77. Defendant Moris Hasbani participated in deciding the job duties that Plaintiffs performed on a daily basis.

78. Defendant Moris Hasbani participated in the supervision of Plaintiffs' duties.

79. During Plaintiffs' employment, Defendants managed Plaintiffs' employment, including the amount of overtime worked.

80. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiffs' employment.

81.     Defendants were aware of Plaintiffs' work hours but failed to pay them the full amount of overtime compensation to which they were and are entitled for this work time under the law.

82.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME
### (On Behalf of Plaintiff Cruz)

83.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

84.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

85.     Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendants are each an enterprise engaged in commerce or in the production of goods for commerce.

86.     At all times relevant to this Complaint, the Corporate Defendants had, and continue to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs who handled retail merchandise that originated outside of the State of New York and was sold to customers in the State of New York.

87.     Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendants for 2019, 2020, and 2021 was not less than $500,000.00, individually or jointly.

88.     Additionally, Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiffs were individually engaged in interstate commerce within the scope of their job duties by processing credit card payments through companies located outside of the State of New York.

89.     At all times relevant to this action, Plaintiffs have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

90.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

91.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff Cruz overtime compensation as required by the FLSA.

92.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

93.     However, none of the Section 13 exemptions apply to Plaintiff Cruz because he has not met the requirements for coverage under the exemptions.

94.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

95.     Defendants have not acted in good faith with respect to the conduct alleged herein.

96.     As a result of Defendants' violations of the FLSA, Plaintiff Cruz has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

97.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

98.     At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

99.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

100.    By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

101.    By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week.

102.    Plaintiffs are not exempt from the overtime provisions of the New York Labor Law, because they did not meet the requirements for any of the reduced number of exemptions available under New York law.

103.    Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

104.    As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**<u>FAILURE TO PAY SPREAD OF HOURS</u>**

105.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

106.    As set forth herein, Plaintiffs' shifts were regularly spread beyond ten (10) hours per day during her period of employment with Defendants.

107.    Defendants never paid spread of hours pay to Plaintiffs as required under Part 142, section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

108.    Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

109.    As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**<u>FAILURE TO PROVIDE WAGE NOTICES</u>**

110.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

13

111.    Defendants willfully failed to furnish Plaintiffs with a wage notice upon hiring, or at any time thereafter, as required by NYLL § 195(1), in English or in the language identified by each Plaintiff as his/her primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

112.    Through their knowing and intentional failure to provide Plaintiffs with a wage notice, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

113.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

114.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

115.    Defendants have willfully failed to provide Plaintiffs with written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

116.     Through their knowing and intentional failure to provide Plaintiffs with wage statements, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

117.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**FAILURE TO COMPENSATE FOR MINIMUM WAGES**

118.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

119.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

120.     Under New York law, an employee must be paid the statutory minimum wage rate for each hour worked. 12 N.Y.C.R.R. §§ 142-2.1.

121.     By the above-alleged conduct, Defendants failed to pay Plaintiffs the statutory minimum wage rate as required by the NYLL and its attendant Regulations.

122.     Plaintiffs were not exempt from the minimum wage provisions of the NYLL, because they did not meet the requirements for any of the exemptions available under New York law.

123.     As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

124.     Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652.

125.    Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown a reckless disregard for the matter of whether their conduct violated the NYLL.

126.    Defendants have not acted in good faith with respect to the conduct alleged herein.

127.    As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, The NHG Law Group, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following acts:

1.    Willfully violated provisions of the FLSA by failing to pay overtime compensation to Plaintiffs;

2.    Willfully violated the provisions of the NYLL by failing to pay overtime, minimum wages and spread of hours compensation to Plaintiffs;

3.    Willfully violated the applicable provisions of the NYLL;

4.    Violated the provisions of the NYLL by failing to provide Plaintiffs with wage notices and wage statements;

B.    Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.   Award interest on all NYLL overtime, minimum wages, and spread of hours

compensation due accruing from the date such amounts were due;

E.   Award all statutory damages under the NYLL;

F.   Award attorneys' fees and costs incurred in prosecuting this action; and

G.   Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       February 16, 2023

Justin M. Reilly, Esq.
The NHG Law Group, P.C.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com