**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
KEVIN DE LA CRUZ and ANTHONY TABAS,

        Plaintiffs,

      -against-

MDBH MOBILE 3 INC., MRBH MOBILE INC.,
MDBH MOBILE 7 INC., MDBH MOBILE INC.,
CELL PHONES OF HARLEM, INC., HIGH SPEED
WIRELESS 1618, INC., GH WIRELESS II, INC., and
MORIS HASBANI,

        Defendants.
------------------------------------------------------------------X

        22-cv-03053 (SN)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

Respectfully submitted by,

The NHG Law Group, P.C.

*Victoria Spagnolo*

By: Victoria Spagnolo, Esq.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
VSpagnolo@nhglaw.com

Dated: Massapequa, New York
      June 26, 2023

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................ iii

I.      PRELIMINARY STATEMENT ...................................................................... 1

II.     PROCEDURAL HISTORY .............................................................................. 1

III.    STATEMENT OF FACTS ................................................................................ 3

IV.    LEGAL ARGUMENT ....................................................................................... 3

       A.     Legal Standard on a Fed. R. Civ. P. 56 Motion for Summary
             Judgment ................................................................................................ 3

       B.     Jurisdictional Requirements .................................................................. 4

       C.     Statute of Limitations ............................................................................ 5

       D.     Pursuant to the FLSA, De La Cruz Is Entitled to Damages
             for Defendants' Overtime and Minimum Wage Violations ................. 6

            1.     FLSA Individual Coverage ....................................................... 7

            2.     De La Cruz Was An Employee within the Meaning
                   of the FLSA ............................................................................... 8

            3.     De La Cruz Worked in Excess of Forty (40) Hours
                   per Week Throughout His Employment and Never
                   Received Overtime Compensation for Such Hours ................. 10

            4.     De La Cruz Is Entitled to Damages for Defendants'
                   Minimum Wage Violations Pursuant to the FLSA ................. 12

       E.     Plaintiffs Are Entitled to Damages for Defendants' NYLL
             Overtime and Minimum Wage Violations ............................................ 13

       F.     De La Cruz Is Entitled to Damages for Defendants' NYLL
             Spread of Hours Violations .................................................................. 17

       G.     Plaintiffs Are Entitled to Statutory Damages for Defendants'
             Failure to Provide Them with Wage Notices and Wage
             Statements Pursuant to NYLL Section 195 .......................................... 18

       H.     Defendant Hasbani Is Personally Liable Pursuant to the
             FLSA and the NYLL ............................................................................ 19

       I.     Plaintiffs Are Entitled to Liquidated Damages ................................... 20

J.      Plaintiffs Are Entitled to Pre- and Post-Judgment Interest ................................... 22

K.      Plaintiffs Will Be Entitled to an Automatic Fifteen Percent (15%) Increase with Respect to Any Damages Not Paid within the Later of Ninety (90) Days Following the Issuance of Judgment or the Expiration of the Time to Appeal Pursuant to the NYLL ........................................................................... 24

L.      Plaintiffs Are Entitled to Reasonable Attorneys' Fees and Costs ............................................................................................ 24

**V.      CONCLUSION** ................................................................................ **25**

# TABLE OF AUTHORITIES

## Cases

*Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328 (2d Cir. 2006) ................................. 5

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ........................................ 10

*Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184 (S.D.N.Y. 2003) ................................................................................................................ 15

*Archie v. Grand Cent. P'ship, Inc*., 997 F.Supp. 504 (S.D.N.Y. Mar. 18, 1998) ................................................................................................................... 7

*Batzin v. Dune Woodworking Inc.*, 18-CV-2260 (JFB)(AYS), 2019 WL 3714794 (E.D.N.Y. May 14, 2019), *report and recommendation adopted*, 18-CV-2260 (RRM)(AYS), 2019 WL 4736721 (E.D.N.Y. Sept. 27, 2019) ..................................................................................................... 23

*Begum v. Ariba Discount, Inc.*, 12-CV-6620 (DLC), 2015 WL 223780 (S.D.N.Y. Jan. 16, 2015)................................................................................ 20, 22

*Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir. 1988) .................................... 8, 9

*Cabrera v. Revere Condominium*, 91 A.D. 3d 695 (2d Dep't 2012).............................. 3

*Campos v. Lemay*, 05-CV-2089 (LTS)(FM), 2007 WL 1344344 (S.D.N.Y. May 7, 2007)................................................................................................... 15

*Castillo v. RV Transp., Inc.*, 15-CV-0527 (LGS), 2016 WL 1417848 (S.D.N.Y. Apr. 11, 2016).................................................................................... 21

*Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77 (2d Cir. 2018) ......................... 4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................... 3

*Cesario v. BNI Constr., Inc.*, 07-CV-8545 (LLS)(GWG), 2008 WL 5210209 (S.D.N.Y. Dec. 15, 2008).................................................................... 21

*Conway v. Icahn & Co.*, 16 F.3d 504 (2d Cir. 1994)................................................. 23

*Coulibaly v. Millennium Super Car Wash, Inc.*, 12-CV-4760 (CBA)(CLP), 2013 WL 6021668 (E.D.N.Y. Nov. 13, 2013)................................................... 23

*Donovan v. Agnew*, 712 F.2d 1509 (1st Cir. 1983)................................................ 9, 19

*Elghourab v. Vista JFK, LLC*, 17-CV-911 (ARR)(ST), 2019 WL 2431905 (E.D.N.Y. June 11, 2019) ............................................................................. 23, 24

*Fallon v. 18 Greenwich Avenue, LLC*, 2021 WL 1105066 (S.D.N.Y. Mar. 23, 2021) ............................................................................................ 4

*Fermin v. Las Delicias Peruanas Restaurant Inc.*, 93 F. Supp. 3d 19 (E.D.N.Y. Mar. 19, 2015) ...................................................... 14, 21, 22

*Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219 (2d Cir. 1994) ................................... 4

*Garcia-Devargas v. Maino*, 15-CV-2285 (GBD)(JLC), 2017 WL 129123 (S.D.N.Y. Jan. 13, 2017) ......................................................................... 21

*Gayle v. Harry's Nurses Registry, Inc.*, 07-CV-4672, 2009 WL 605790 (E.D.N.Y. Mar. 9, 2009) ........................................................................ 19

*Gillian v. Starjam Rest. Corp.*, 10-CV-6056, 2011 WL 4639842 (S.D.N.Y. Oct. 4, 2011) .................................................................................... 19

*Goldberg v. Whitaker*, 366 U.S. 28 (1961) ........................................................ 9

*Granados v. Traffic Bar & Rest.*, 13-CV-0500 (TPG)(JCF), 2016 WL 7410725 (S.D.N.Y. Dec. 21, 2016) ............................................................ 21

*Hart v. Rick's Cabaret Intern., Inc.*, 967 F. Supp. 2d 901 (S.D.N.Y. 2013) ............................... 15

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999) ....................................... 9

*Hernandez v. Jrpac, Inc.*, 14-CV-4176 (PAL), 2016 WL 3248493 (S.D.N.Y. June 9, 2016) ...................................................................... 24

*Hernandez v. NJK Contractors, Inc.*, 09-CV-4812 (RER), 2015 WL 1966355 (E.D.N.Y. May 1, 2015) ................................................................ 23

*Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441 (E.D.N.Y.2009) ................................. 6

*Iqbal v. Multani*, 12-CV-3067 (DRH)(GRB), 2013 WL 5329286 (E.D.N.Y. Sept. 20, 2013) ............................................................................ 7

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442 (2d Cir. 1998) ...................................................................................... 5

*Jones v. E Brooklyn Sec. Servs. Corp.*, 2012 WL 3235784 (E.D.N.Y. Aug. 7, 2012) ...................................................................................... 7

*Jones v. Ford Motor Credit Co.*, 358 F.3d 205 (2d Cir. 2004) ........................................ 5

*Kalloo v. Unlimited Mech. Co. of NY, Inc.*, 977 F. Supp. 2d 187 (E.D.N.Y. 2013) .................................................................................... 19

*Kaur v. Royal Arcadia Palace, Inc.*, 643 F. Supp. 2d 276 (E.D.N.Y. 2007) ................................. 7

*Keun-Jae Moon v. Joon Gab Kwon*, 248 F. Supp. 2d 201 (S.D.N.Y. 2002) ................................ 19

*Khurana v. JMP USA, Inc.*, 14-CV-4448 (SIL), 2017 WL 1251102
(E.D.N.Y. Apr. 5, 2017) .................................................................................. 19, 22, 24

*Kinney v. Artist & Brand Agency LLC*, 13-CV-8864 (LAK)(DF), 2015 WL
10714080 (S.D.N.Y. Nov. 25, 2015), *report and recommendation
adopted*, 13-CV-8864 (LAK), 2016 WL 1643876 (S.D.N.Y. Apr.
22, 2016) ........................................................................................................... 14

*Kirschner v. Klemons*, 225 F.3d 227 (2d Cir. 2000) ....................................................... 5

*Lauria v. Heffernan*, 607 F. Supp. 2d 403 (E.D.N.Y. 2009) ......................................... 15

*Lopez v. Beltre*, 873 N.Y.S. 2d 726 (2d Dep't 2009) ...................................................... 4

*Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir.
2013) ................................................................................................................... 4

*Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697 (2d Cir. 2000) ....................... 5

*Maldonado v. La Nueva Rampa, Inc.*, 10-CV-8195 (LLS)(JLC), 2012 WL
1669341 (S.D.N.Y. May 14, 2012) ..................................................................... 23

*Martinez v. Alimentos Saludables Corp.*, 16-CV-1997, 2017 WL 5033650
(E.D.N.Y. Sept. 22, 2017) ................................................................................... 7

*Martinez v. Dannys Athens Diner Inc.*, 16-CV-7468 (RJS), 2017 WL
6335908 (S.D.N.Y. Dec. 5, 2017) ....................................................................... 24

*Montefiore Med. Ctr. v. Teamsters Local* 272, 642 F.3d 321 (2d. Cir. 2011)
............................................................................................................................. 5

*Morales v. Mw Bronx, Inc.*, 15-CV-6296 (TPG), 2016 WL 4084159
(S.D.N.Y. Aug. 1, 2016) ..................................................................................... 21

*Murphy v. ERA United Realty,* 251 A.D.2d 469 (2d Dep't 1998) ................................. 15

*Rodriguez v. Almighty Cleaning, Inc.*, 784 F.Supp.2d 114 (E.D.N.Y. Mar.
28, 2011) ............................................................................................................. 7

*Rodriguez v. Ridge Pizza Inc.*, 16-CV-0254 (DRH)(AKT), 2018 WL
1335358 (E.D.N.Y. Mar. 15, 2018) .................................................................... 14

*Rosendo v. Everbrighten, Inc.*, 13-CV-7256 (JGK), 2015 WL 4557147
(S.D.N.Y. July 28, 2015) ..................................................................................... 24

*Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380 (E.D.N.Y. 2013) ................................. 6

*Tackie v. Keff Enterprises LLC*, 14-CV-2074 (JPO), 2014 WL 4626229 (S.D.N.Y. Sept. 16, 2014) ................................................................. 23

*Thomas v. iStar Fin., Inc.*, 652 F.3d 141 (2d Cir. 2011) ................................. 22

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ..................................... 5

*United States v. Rosenwasser*, 323 U.S. 360 (1945) ...................................... 8

*Waldron v. Wild*, 96 A.D. 2d 190 (4th Dep't 1983) ........................................ 4

*Weiss v. Garfield*, 21 A.D. 2d 156 (3d Dep't 1964) ........................................ 4

*Young v. Cooper Cameron Corp.*, 586 F.3d 201 (2d Cir. 2009) ..................... 6

*Zhen Ming Chen v. New Fresco Tortillas Taco LLC*, 15-CV-2158 (RA)(AJP), 2015 WL 5710320 (S.D.N.Y. Sept. 25, 2015) ................... 18

*Zheng v. Liberty Apparel Company, Inc.*, 355 F.3d 61 (2d Cir. 2003) ........... 8

*Zubair v. EnTech Eng'g, P.C.*, 900 F. Supp. 2d 355 (S.D.N.Y. 2012) ............ 21

**Statutes**

28 U.S.C. § 1331 .............................................................................................. 4

28 U.S.C. § 1367 .............................................................................................. 5

28 U.S.C. § 1367(a) .......................................................................................... 4

28 U.S.C. § 1391(b)(2) ..................................................................................... 5

28 U.S.C. § 1961 .............................................................................................. 24

28 U.S.C. § 1961(a) .......................................................................................... 24

28 U.S.C. § 1961(b) .......................................................................................... 24

29 U.S.C. § 203(d) ............................................................................................ 9

29 U.S.C. § 203(e)(1) ........................................................................................ 8

29 U.S.C. § 203(g) ............................................................................................ 8

29 U.S.C. § 203(r)(1) ........................................................................................ 7

29 U.S.C. § 206(a) ............................................................................................ 7

29 U.S.C. § 207 ................................................................................................. 10

29 U.S.C. § 207(a)(1) ........................................................................................ 6, 7, 10

29 U.S.C. § 211(c) ..................................................................................................... 10

29 U.S.C. § 216(b) ............................................................................................... 20, 24

29 U.S.C. § 218(a) ....................................................................................................... 7

29 U.S.C. § 255(a) ....................................................................................................... 6

29 U.S.C. § 260 .......................................................................................................... 21

N.Y. Lab. Law § 190(2) ............................................................................................. 15

N.Y. Lab. Law § 190(3) ............................................................................................. 15

N.Y. Lab. Law § 195(1)(a) ........................................................................................ 18

N.Y. Lab. Law § 195(3) ............................................................................................. 18

N.Y. Lab. Law § 198(1-a) .......................................................................................... 21

N.Y. Lab. Law § 198(1-b) .......................................................................................... 18

N.Y. Lab. Law § 198(1-d) .......................................................................................... 18

N.Y. Lab. Law § 198(3) ............................................................................................... 6

N.Y. Lab. Law § 198(4) ............................................................................................. 24

N.Y. Lab. Law § 2(7) ................................................................................................. 15

N.Y. Lab. Law § 652 .................................................................................................. 14

N.Y. Lab. Law § 663(1) ............................................................................................. 24

N.Y. Lab. Law § 663(3) ............................................................................................... 6

N.Y. Lab. Law § 663(4) ............................................................................................. 24

N.Y. Lab. Law §§ 650 *et seq*. ................................................................................. 14

**Rules**

Fed. R. Civ. P. 56(a) .................................................................................................... 3

N.Y. C.P.L.R. § 5001 ................................................................................................. 23

N.Y. C.P.L.R. § 5001(b) ............................................................................................ 23

N.Y. C.P.L.R. § 5004 ..................................................................................................................... 23

**Regulations**

12 N.Y.C.R.R. § 142-2.1 ............................................................................................................... 14

12 N.Y.C.R.R. § 142–2.4 ........................................................................................................... 17, 18

12 N.Y.C.R.R. § 142-2.6 ............................................................................................................... 10

29 C.F.R. § 778.107 ...................................................................................................................... 10

29 C.F.R. § 778.110 ...................................................................................................................... 10

29 C.F.R. § 778.112 ...................................................................................................................... 10

29 C.F.R. § 778.5 ............................................................................................................................ 7

29 C.F.R. § 779.103 ........................................................................................................................ 7

## I.    PRELIMINARY STATEMENT

Plaintiffs, KEVIN DE LA CRUZ ("De La Cruz") and ANTHONY TABAS ("Tabas") (collectively, "Plaintiffs"), by and through their counsel, THE NHG LAW GROUP, P.C., respectfully submit this Memorandum of Law in Support of their Motion for Summary Judgment as against Defendants, MDBH MOBILE 3 INC., MRBH MOBILE INC., MDBH MOBILE 7 INC., MDBH MOBILE INC., CELL PHONES OF HARLEM, INC., HIGH SPEED WIRELESS 1618, INC., GH WIRELESS II, INC., and MORIS HASBANI ("Hasbani") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56. The factual basis supporting the liability of Defendants and Plaintiffs' damages is fully set forth herein, as well as in the Declaration of Victoria Spagnolo, Esq. (the "Spagnolo. Decl.") and the Exhibits annexed thereto.

As alleged in Plaintiff's First Amended Complaint ("FAC"), Defendants willfully violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), Articles 6 and 19, and Part 142 of Title 12 of New York's Official Compilation of Codes, Rules and Regulations ("Regulations") by failing (i) to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) hours per week; (ii) to pay De La Cruz the statutory minimum wage rate during his employment; and, (iii) to pay De La Cruz spread of hours compensation when he worked in excess of ten (10) hours per day.[1] Plaintiffs further alleged that Defendants failed to provide them with wage notices and accurate wage statements throughout their employment in violation of the NYLL.[2]

## II.    PROCEDURAL HISTORY

On April 13, 2022, Plaintiffs initiated this action by filing a Summons and Complaint

---

[1] *See generally*, FAC, annexed to the Spagnolo. Decl. as Exhibit C ("Ex. C").
[2] *Id.*

against Defendants, MDBH Mobile 3 Inc., MRBH Mobile Inc., MDBH Mobile 7 Inc., MDBH Mobile Inc. and Hasbani (collectively, "Initial Defendants").[3] On July 26, 2022, the Initial Defendants appeared through counsel and filed an Answer to Plaintiffs' Complaint.[4] Following the Initial Conference on September 1, 2022, extensive discovery commenced, including the depositions of De La Cruz, on January 18, 2023;[5] Tabas, on January 19, 2023;[6] Hasbani, individually and on behalf of corporate Defendants, on February 8, 2023;[7] and MAYRA AMADOR ("Amador"),[8] a non-party witness and store manager for Cell Phones of Harlem, Inc., an additional corporate Defendant added by the FAC.

On February 24, 2023, Plaintiffs filed a Motion to Amend the Complaint, pursuant to Fed. R. Civ. P. 15(a)(2) and 16(b)(4), seeking to add three (3) corporate entities as defendants, Cell Phones of Harlem Inc., High Speed Wireless 1618, Inc., and GH Wireless II, Inc., the identities of which were discovered at the deposition of Hasbani.[9] On May 9, 2023, this Court, over the Initial Defendants' opposition, granted Plaintiffs' Motion to Amend the Complaint,[10] and on May 10, 2023, Plaintiffs filed their Amended Complaint, which added Cell Phones of Harlem, Inc., High Speed Wireless 1618, Inc., and GH Wireless II, Inc. to this Action as named defendants.[11] The three (3) additional Defendants were properly served on May 23, 2023 through the New York

---

[3] *See generally*, Summons and Complaint [Docket Entry ("D.E.") 1, 4], annexed to the Spagnolo Decl. as Exhibit A ("Ex. A").

[4] *See generally*, Answer [D.E. 20], annexed to the Spagnolo Decl. as Exhibit B ("Ex. B").

[5] *See generally*, Deposition Transcript of Kevin De La Cruz, dated January 18, 2023 ("De La Cruz Dep."), annexed to the Spagnolo Decl. as Exhibit F ("Ex. F").

[6] *See generally*, Deposition Transcript of Anthony Tabas, dated January 19, 2023 ("Tabas Dep."), annexed to the Spagnolo Decl. as Exhibit G ("Ex. G").

[7] *See generally*, Deposition Transcript of Moris Hasbani, dated February 8, 2023 ("Hasbani Dep."), annexed to the Spagnolo Decl. as Exhibit E ("Ex. E").

[8] *See generally*, Deposition Transcript of Mayra Amador, dated February 27, 2023 (Amador Dep."), annexed to the Spagnolo Decl. as Exhibit H ("Ex. H").

[9] *See generally*, Plaintiffs' Motion to Amend/Correct Complaint [D.E. 30], dated February 24, 2023.

[10] *See generally*, Order granting Plaintiff's Motion to Amend/Correct [D.E. 41], dated May 9, 2023.

[11] *See generally*, Ex. C, FAC.

Secretary of State pursuant to Business Corporation Law ("BSC") § 306.[12]

After the Court granted the motion to amend, the Parties held a meet and confer and jointly drafted a Proposed Scheduling Order with a briefing schedule for summary judgment motions.[13] On May 19, 2023, the Court so-ordered the scheduling order.[14] On June 12, 2023, Defendants filed an Amended Answer to Plaintiffs' Amended Complaint.[15]

## III.    STATEMENT OF FACTS[16]

For the purpose of judicial economy, Plaintiffs respectfully refer to and incorporate by reference herein Plaintiffs' Local Civil Rule 56.1 Statement of Undisputed Facts ("Pl. 56.1"), submitted contemporaneously herewith, for a full recitation of all undisputed, material facts relevant to their claims.

## IV.    LEGAL ARGUMENT

### A.    Legal Standard on a Fed. R. Civ. P. 56 Motion for Summary Judgment

Summary judgment is warranted where the record before the court shows that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In opposition, the non-movant must raise a triable issue of fact. *Cabrera v. Revere Condominium*, 91 A.D. 3d 695, 697 (2d Dep't 2012).

---

[12] *See generally*, Summons Returned Executed [D.E. 48-50], dated May 25, 2023.
[13] *See generally*, Proposed Scheduling Order [D.E. 46], dated May 18, 2023.
[14] *See generally*, Memo Endorsement [D.E. 47], dated May 19, 2023.
[15] *See generally*, Second Answer to Amended Complaint ("Amended Answer") [D.E. 53], annexed to the Spagnolo Decl. as Exhibit D ("Ex. D").
[16] All factual citations will be to Plaintiffs' Local Civil Rule 56.1 Statement of Undisputed Facts ("Pl. 56.1"), submitted herewith, unless specifically stated otherwise.

In deciding a motion for summary judgment, it is the Court's function "to determine whether material factual issues exist, not to resolve such issues." *Lopez v. Beltre*, 873 N.Y.S. 2d 726, 728 (2d Dep't 2009). Its duty, in short, is confined to issue-finding, not issue-resolution. *Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994). In exercising this function, the Court must construe the evidence presented in a light most favorable to the non-moving party. *Waldron v. Wild*, 96 A.D. 2d 190 (4th Dep't 1983). In fact, the Court must accept as true the non-movant's evidence and any evidence submitted by the movant that favors the non-movant. *Weiss v. Garfield*, 21 A.D. 2d 156 (3d Dep't 1964).

As will be demonstrated herein, there is no genuine dispute as to any material fact, and based on these undisputed facts, Plaintiffs are entitled to judgment as a matter of law. Accordingly, Plaintiffs respectfully submit that their Motion for Summary Judgment be granted in its entirety.

### B.    Jurisdictional Requirements

This Court has original subject matter jurisdiction over Plaintiff De La Cruz's claims because they arise under a federal statute (i.e., the FLSA). *See* 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state claims under the NYLL, as district courts have supplemental jurisdiction over state-law claims that form the same case or controversy as other claims over which the court had original jurisdiction. *See* 28 U.S.C. § 1367(a).

Courts in the Southern District and in the Second Circuit have routinely exercised supplemental jurisdiction over state-law wage and hour claims that are supplemental to FLSA claims. *See e.g., Lundy v. Catholic Health System of Long Island Inc*., 711 F.3d 106, 117-18 (2d Cir. 2013); *Fallon v. 18 Greenwich Avenue, LLC*, 2021 WL 1105066 (S.D.N.Y. Mar. 23, 2021); *Catzin v. Thank You & Good Luck Corp*., 899 F.3d 77 (2d Cir. 2018) (finding that the lower court committed reversible error in its *sua sponte* decision to decline to exercise supplemental jurisdiction over the plaintiff's NYLL claims). Supplemental jurisdiction turns on whether the state

4

law claims and the federal law claims arise from the "same 'common nucleus of operative fact.'" *Montefiore Med. Ctr. v. Teamsters Local* 272, 642 F.3d 321, 332 (2d. Cir. 2011) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Kirschner v. Klemons*, 225 F.3d 227, 239 (2d Cir. 2000) ("[Section 1367(a)] makes pendent party jurisdiction possible where the claim in question arises out of the same set of facts that give rise to an anchoring federal question claim against another party."). Claims derive from a common nucleus of operative fact when the facts underlying the claims "substantially overlap[ ]." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)).[17]

Here, the Court has supplemental jurisdiction over De La Cruz and Tabas' NYLL claims because they are so related to the FLSA claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367. The facts underlying the FLSA claims are essentially the same as the facts relevant to Plaintiffs' NYLL claims. Additionally, venue is appropriate because a substantial part of the events giving rise to these claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2). The Court has general jurisdiction over Defendants because they appeared and waived their objections to the Court's jurisdiction.[18]

### C.    Statute of Limitations

The FLSA permits a plaintiff to recover wages within two (2) years after the claim accrues, unless the plaintiff can demonstrate that the employer's violations were willful, in which case the

---

[17] Where section 1367(a) is satisfied, the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c). *See Itar-Tass Russian News Agency v. Russian Kurier, Inc*., 140 F.3d 442, 448 (2d Cir. 1998). Where at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote judicial economy, convenience, fairness, and comity. *See Jones v. Ford Motor Credit Co*., 358 F.3d 205, 214 (2d Cir. 2004).
[18] *See gen.*, Ex. D, Amended Answer.

limitations period is extended to three (3) years. *See* 29 U.S.C. § 255(a). Willfulness, in this context, is found where, as here, an employer knowingly disregards its obligations under the FLSA. *See Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009). In contrast, the NYLL establishes a six- (6) year limitations period. *See* N.Y. Lab. Law § 198(3); N.Y. Lab. Law § 663(3).

As De La Cruz's worked for Defendants from February 2017 through March 2022 and as the Complaint was filed on April 13, 2022, the FLSA and the NYLL statutory periods cover all of De La Cruz's wage claims. As Tabas worked from June of 2016 through October 3, 2018, his wage claims fall outside the FLSA statutory period; however, the entirety of his employment and wage claims fall within the NYLL statutory period.

### D.  Pursuant to the FLSA, De La Cruz Is Entitled to Damages for Defendants' Overtime and Minimum Wage Violations

To succeed on his FLSA overtime claim against Defendants, De La Cruz must establish the following elements: (1) (a) that he was an employee "who in any workweek [was] engaged in commerce or in the production of goods for commerce" ("Individual Coverage"), *or* (b) was "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("Enterprise Coverage"), *see* 29 U.S.C. § 207(a)(1); (2) that he qualifies as an "employee" as defined by the FLSA; and, (3) that he worked in excess of forty (40) hours in a given workweek and did not receive overtime compensation for such work. *See Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380, 394 (E.D.N.Y. 2013) (citing *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 447 (E.D.N.Y.2009)).

To succeed on his FLSA minimum wage claim against Defendants, De La Cruz must establish the same first two (2) elements in the preceding paragraph and that he was paid a regular rate less than the federal statutory minimum wage rate. For damages purposes, because a prevailing

party is entitled to the greatest relief available, "where a state's minimum wage is higher than the federal minimum wage, the employer must pay the state minimum wage to satisfy FLSA's minimum wage requirement." *Payamps*, 2019 WL 8381264, at \*7 (citing 29 C.F.R. § 778.5; 29 U.S.C. § 218(a)); *Martinez v. Alimentos Saludables Corp.*, 16-CV-1997, 2017 WL 5033650, at \*15 (E.D.N.Y. Sept. 22, 2017)). During the last three (3) years of De La Cruz's employment, the state's minimum wage was higher than the federal minimum wage, at $15.00 per hour.

### 1.    FLSA Individual Coverage

The FLSA covers individuals who are "engaged in commerce or in the production of goods for commerce[,]" *Iqbal v. Multani*, 2013 WL 5329286, at \*5 (E.D.N.Y. Sept. 20, 2013) (citing 29 U.S.C. § 203(r)(1)), "irrespective of whether his or her employer is an enterprise engaged in commerce as statutorily defined[,]" *Kaur v. Royal Arcadia Palace, Inc.*, 643 F. Supp. 2d 276, 292 (E.D.N.Y. 2007) (citing 29 U.S.C. § 206(a), 29 U.S.C. § 207(a)(1)). Individuals are engaged in commerce "when they are performing work involving or related to the movement of … things (whether tangibles or intangibles, and including information and intelligence)" into or out of the State of New York. *Kaur*, 643 F. Supp. 2d at 292 (citing 29 C.F.R. § 779.103). "Because even local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce, the test is met if Plaintiff merely handled supplies or equipment that originated out-of-state." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F.Supp.2d 114, 122 (E.D.N.Y. Mar. 28, 2011) (citing *Archie v. Grand Cent. P'ship, Inc.*, 997 F.Supp. 504, 530 (S.D.N.Y. Mar. 18, 1998)); *see also Jones v. E Brooklyn Sec. Servs. Corp.,* 2012 WL 3235784, at \*4 (E.D.N.Y. Aug. 7, 2012) ("[E]nterprise coverage applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce.") (citations omitted).

7

Here, De La Cruz undoubtedly qualifies for the protections afforded by the FLSA because he was an employee engaged in commerce or the production of goods for commerce. Indeed, in their Amended Answer, Defendants admit that Plaintiffs were individually engaged in interstate commerce within the scope of their job duties by processing credit card payment through companies located outside of the State of New York.[19] Additionally, on a daily basis De La Cruz ordered, handled, and sold cell phones and phone accessories and handled cleaning equipment, including mops and brooms, that originated outside New York and crossed state lines.[20] Accordingly, corporate Defendants, with the exception of GH Wireless II, Inc., for which De La Cruz did not work, are subject to the provisions and requirements of the FLSA as it pertains to De La Cruz because he was individually covered by the FLSA's protections.

Because De La Cruz has shown that Defendants meet this first prong of Individual Coverage, it is not required he prove Enterprise Coverage, i.e., that was Defendants were employed in an enterprise engaged in commerce or in the production of goods for commerce and its gross volume of sales or business done was not less than $500,000.00 during the relevant years at issue.

### 2.    De La Cruz Was An Employee within the Meaning of the FLSA

Under the FLSA, an "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The FLSA defines "employ" as "to suffer or permit to work." 29 U.S.C. § 203(g). The FLSA provides "the broadest definition of employ that has ever been included in any one act." *Zheng v. Liberty Apparel Company, Inc.*, 355 F.3d 61, 69 (2d Cir. 2003) (quoting *United States v. Rosenwasser*, 323 U.S. 360, 363 (1945)). "The definition is necessarily a broad one in accordance with the remedial purpose of the Act." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058 (2d Cir. 1988).

---

[19] *See* Ex. D, at ¶ 35; *see also*, Pl. 56.1, at ¶ 163.
[20] Pl. 56.1, at ¶¶ 162, 164.

Under the FLSA, an employer is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This definition has been interpreted expansively. *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983). "The overarching concern is whether the alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). To that end, Courts look to the "economic realities" surrounding each particular case. *Donovan*, 712 F.2d at 1510. In determining employer status, "economic reality" prevails over technical common law concepts of agency. *Goldberg v. Whitaker*, 366 U.S. 28, 33 (1961).

Courts utilize the economic realities test and consider the following relevant factors to determine employer status: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records…No one of the four factors standing alone is dispositive…Instead the 'economic reality' test encompasses the totality of the circumstances…" *Herman*, 172 F.3d at 139. A totality of the circumstances must be examined "so as to avoid having the test confined to a narrow legalistic definition." *Id.* The overriding consideration under the FLSA "economic reality" test is whether "the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Brock*, 840 F.2d at 1058-59 (citing cases).

Here, it is undisputed that Defendants, with the exception of GH Wireless II, Inc., employed De La Cruz as a retail clerk for their various wireless stores, and that they controlled the employment relationship by, among other things, (1) suffering and permitting him to work for their benefit;[21] (2) determining his working conditions and job duties;[22] (3) maintaining control,

---

[21] Pl. 56.1, at ¶ 127.
[22] *See id.*, at ¶¶ 128-129, 144, 146.

oversight, and direction over the scheduling and payroll practices applied to him;[23] (4) determining the number of days and hours he worked each week;[24] and, (5) dictating, controlling, and ratifying the compensation policies applied to him. The economic realities of De La Cruz's employment clearly weigh in favor of him being an employee of Defendants.

### 3. De La Cruz Worked in Excess of Forty (40) Hours per Week Throughout His Employment and Never Received Overtime Compensation for Such Hours

The FLSA requires employers to provide employees with an overtime premium for all hours worked in excess of forty (40) hours per week. 29 U.S.C. § 207. Specifically, an employer is required to pay the employee one and one-half times his regular rate of pay when an employee's workweek exceeds forty (40) hours. *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.107. When an employee is paid an hourly rate, the hourly rate is the "regular rate." 29 C.F.R. § 778.110. Where, as here, the employee is paid a daily rate, "his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked." 29 C.F.R. § 778.112.

Both federal and New York law provide that employers are required to make, keep and preserve records of employee wages, hours, and employment conditions. *See* 29 U.S.C. § 211(c); 12 N.Y.C.R.R. § 142-2.6. When an employer has failed to maintain adequate records regarding the number of hours worked, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946).

Despite Defendants' failure to keep track of the precise number of hours De La Cruz

---

[23] *See id.*, at ¶¶ 134, 141.
[24] *See id.*, at ¶ 134.

worked each day and week, as Defendants did not require his employees to punch in and out of his daily shifts, De La Cruz has provided sufficient evidence that he routinely worked more than forty (40) hours per week throughout his employment. During his deposition, De La Cruz testified that, while he worked for the Cell Phones of Harlem Inc., MDBH Mobile 3, and MDBH Mobile 7 Inc. wireless stores, he worked six (6) to seven (7) days a week, working at least ten (10) hours a day from Monday through Saturday and seven (7) hours on Sunday.[25] While working for Cell Phones of Harlem, Inc., he often stayed passed closing time, to around 10:00 p.m., to finishing assisting customers or to do inventory.[26] De La Cruz also testified that when he worked at the High Speed Wireless 1618 Inc. wireless store, he regularly worked six (6) days a week, for at least ten (10) hours a day, for a total of at least sixty (60) hours per week.[27]

Nowhere in Hasbani's deposition testimony does he dispute these hours.[28] In fact, Hasbani's testimony corroborates the hours De La Cruz testified to working. For example, Hasbani states that when De La Cruz worked at the MDBH Mobile 3 Inc. wireless store, his schedule was from store open to store close.[29] Additionally, Defendants' own records support De La Cruz typically worked six (6) to seven (7) days per week.[30] For instance, Defendants' handwritten internal pay records for De La Cruz show that he worked six (6) days per week for each week of January 2019.[31] Defendants' records also show that, in June 2020, De La Cruz worked either six

---

[25] Pl. 56.1 at ¶ 43-45, 51, 52-61, 72-75.
[26] *See id.*, at ¶ 17.
[27] *See id.*, at ¶¶ 65-67.
[28] *See gen.*, Ex. 5.
[29] Pl. 56.1 at ¶ 49.
[30] *See* Exhibit L ("Ex. L"), Defendants' 2018 Handwritten Internal Pay Records; Exhibit M ("Ex. M"), Defendants' 2019 Handwritten Internal Pay Records, Exhibit N ("Ex. N"), Defendants' 2020 Handwritten Internal Pay Records, Exhibit O ("Ex. O"), 2021 Handwritten Internal Pay Records; Exhibit P, 2022 Handwritten Internal Pay Records
[31] *See* Ex. M.

(6) or seven (7) days per week.[32] Therefore, the evidence supports that, De La Cruz worked at leas*t*

sixty (60) hours per week when he worked six (6) days a week, and *at least* sixty-seven (67) when

he worked seven (7) days a week.

Because De La Cruz routinely worked more than forty (40) hours per week, he is entitled

to be paid for all hours worked over forty (40) each week at the half-time rate of his regular rate

of pay. However, Defendants only ever paid De La Cruz a daily rate of pay.[33] Indeed, Amador

states that Hasbani pays all of his employees a daily rate of pay[34] and Hasbani, himself, testified

under oath that he has never paid any employee who worked for a wireless store owned by him

time and a half when they worked more than forty (40) hours per week.[35] Defendants did not

provide De La Cruz with accurate paystubs that indicate otherwise.[36] As such, it is undisputed that

Defendants failed to pay De La Cruz overtime compensation in violation of the FLSA.

### 4. De La Cruz Is Entitled to Damages for Defendants' Minimum Wage Violations Pursuant to the FLSA

As noted *supra*, the federal minimum wage rate was $15.00 during the last three (3) years

of De La Cruz's employment. Defendants failed to always pay De La Cruz at least the minimum

wage. Specifically, De La Cruz attests that, during the last three (3) years of his employment, he

worked at least sixty (60) hours per week and was always paid a daily rate between $100.00 and

$140.00. Based on De La Cruz's daily rate of pay and the number of hours he worked each week,

Defendants frequently paid him less than minimum wage. For example, during the week of August

18, 2019 through August 24, 2019, Plaintiff was paid $100.00 per day, plus $215.00 in

---

[32] *See* Ex. N.
[33] Pl. 56.1 at ¶ 86.
[34] *See id.,* at ¶ 137.
[35] *See id*., at ¶ 158.
[36] *See id*., at ¶ 150.

commission, for a total weekly renumeration of $815.00.[37] As he worked sixty (60) hours that week, his regular rate totals $13.58, which is $1.42 below the minimum wage rate.[38]

De La Cruz's pay rates are corroborated by Defendants' records and his hours, at least for the Cell Phones of Harlem, Inc. wireless store, are confirmed by Amador, who testified that the store was opened, and employees would work, from 9:30 a.m. to 7:30 p.m. Monday through Friday.[39] She also testified that employees, including De La Cruz, would often stay later to finish assisting customers or to stock inventory.[40] Defendants have failed to refute any of this evidence, nor can they. Defendants did not require their employees to punch in and out of each of their shifts, and so Defendants have no reliable time records reflecting the number of hours De La Cruz worked each day and week.[41] Additionally, aside from a few paystubs during the time De La Cruz worked for MDBH Mobile 3, Inc., which are palpably inaccurate, Defendants have not produced any other paystubs during De La Cruz's employment with MDBH Mobile 7, Inc. High Speed Wireless 1618 Inc., and Cell Phones of Harlem, Inc. that reflect De La Cruz's payrate throughout his employment. Accordingly, De La Cruz is entitled to the difference between the statutory minimum wage rates and the substandard rates Defendants paid him during the last three (3) years of his employment, as detailed in his Calculation of Damages. *See* Ex. U.

**E.    Plaintiffs Are Entitled to Damages for Defendants' NYLL Overtime and Minimum Wage Violations**

Like the FLSA, the NYLL requires employers to provide employees with an overtime premium for all hours worked in excess of forty (40) hours per week. N.Y. Lab. Law §§ 650 *et*

---

[37] *See* Ex. M; *see also*, Exhibit S ("Ex. S"), 2019 Commission Records, De La Cruz; Exhibit U ("Ex. U"), De La Cruz, Calculation of Damages.
[38] Ex. U, Calculation of Damages, De La Cruz.
[39] Pl. 56.1 at ¶ 15, 17.
[40] *See id.*
[41] *See id.* at ¶ 153.

*seq.*; 12 N.Y.C.R.R. § 142-2.2. Specifically, an employer is required to pay the employee one and one-half times his regular rate of pay when an employee's workweek exceeds forty (40) hours. *See* 12 N.Y.C.R.R. § 142-2.2. To establish an overtime claim under the NYLL, a plaintiff must establish that (1) he worked in excess of forty (40) hours in a given workweek without receiving overtime compensation; (2) he was an "employee" as defined in the statute; and (3) the defendant was an "employer" as defined by the statute. *Rodriguez v. Ridge Pizza Inc.*, 2018 WL 1335358, at *5 (E.D.N.Y. Mar. 15, 2018) (citing *Fermin v. Las Delicias Peruanas Restaurant Inc.*, 93 F. Supp. 3d 19, 34 (E.D.N.Y. Mar. 19, 2015)).

Also like the FLSA, the NYLL provides that every employer must pay its employees an hourly rate of no less than the statutorily applicable minimum. N.Y. Lab. Law § 652.[42] From December 31, 2015 until December 30, 2016, the state statutory minimum wage for New York City pursuant to the Miscellaneous Industries Wage Order was $9.00 per hour. 12 N.Y.C.R.R. § 142-2.1. Beginning on December 31, 2016, the minimum wage increased to $11.00 per hour, and each subsequent year, the minimum wage rate increased by $2.00 per hour.

As a first note, "there is general support for giving the FLSA and the NYLL consistent interpretations … and … there appears to have never been a case in which a worker was held to be an employee for purposes of the FLSA but not the NYLL (or vice versa)." *Kinney v. Artist & Brand Agency LLC*, 2015 WL 10714080, at *12 (S.D.N.Y. Nov. 25, 2015), *report and recommendation adopted*, 2016 WL 1643876 (S.D.N.Y. Apr. 22, 2016). In fact, many courts have applied the federal economic reality test to determine whether an employment relationship exists under both the FLSA and the NYLL. *See Hart v. Rick's Cabaret Intern., Inc.*, 967 F. Supp. 2d 901,

---

[42] As mentioned *supra*, "where a state's minimum wage is higher than the federal minimum wage, the employer must pay the state minimum wage to satisfy FLSA's minimum wage requirement." *Payamps*, 2019 WL 8381264, at *7 (citing 29 C.F.R. § 778.5; 29 U.S.C. § 218(a); *Martinez*, 2017 WL 5033650, at *15).

922 (S.D.N.Y. 2013) (citing *Campos v. Lemay*, 2007 WL 1344344, at *4 (S.D.N.Y. May 7, 2007);

*Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 189–92 (S.D.N.Y. 2003); *see also*

*Lauria v. Heffernan*, 607 F. Supp. 2d 403, 409 (E.D.N.Y. 2009) (in analyzing whether an

employment relationship exists under NYLL § 190(3), "courts look to the 'economic reality' test

set forth in *Herman ...*").

NYLL defines an "employee" as "any person employed for hire by an employer in any

employment," N.Y. Lab. Law § 190(2). Under the NYLL, the term "employed" includes

"permitted or suffered to work." N.Y. Lab. Law § 2(7). The NYLL defines "employer" as "any

person, corporation, limited liability company, or association employing any individual in any

occupation, industry, trade, business or service." N.Y. Lab. Law § 190(3). Similar to the FLSA,

under the NYLL, Courts must focus on "the degree of control exercised by the purported employer

over the results produced or the means used to achieve the results." *Hart*, 967 F. Supp. 2d at 923.

Factors used to assess control under the NYLL common law test include: whether the worker (1)

worked at his own convenience, (2) was free to engage in other employment, (3) received fringe

benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule. *Id*. These factors are

not exhaustive, however, and New York courts routinely consider other factors which demonstrate

an employment relationship, including those factors applicable to the federal economic reality test.

*Id.* (citing *Murphy v. ERA United Realty,* 251 A.D.2d 469, 470–71 (2d Dep't 1998).

### 1.    De La Cruz's NYLL Overtime and Minimum Wage Claims

Because the NYLL is typically applied in the same manner as the FLSA, for all the reasons

discussed *supra*, De La Cruz is entitled to overtime compensation under the NYLL for all hours

that he worked in excess of forty (40) each week and to the difference between the state minimum

wage and the rates he was actually paid. Importantly, because the NYLL has a six (6) year statute

of limitations, instead of the three (3) year statutory period under the FLSA, De La Cruz may

pursue his overtime and minimum wage claims for the entire duration of his employment. The evidence in the record confirms that De La Cruz not only worked more than forty (40) hours per week and was paid less than the statutory minimum wage rate during the last three (3) years of his employment but rather throughout his entire employment with Defendants. For instance, during the week of February 11, 2018 through February 17, 2018, Defendants paid De La Cruz a daily rate of $100.00, plus $135.00 in commissions, for a total weekly renumeration of $635.00, which is equivalent to an hourly rate of $12.10 based on the 52.50 hours he worked that week. *See* Ex. L; *see also*, Ex. M; Ex. N; Ex. O; Ex. P. Therefore, De La Cruz is entitled to overtime compensation and minimum wages under the NYLL.

### 2. Tabas' NYLL Overtime Claim

Tabas similarly meets the elements to establish an overtime claim under the NYLL. According to Tabas' testimony, while working at the GH Wireless II, Inc., Cell Phones of Harlem, Inc., and the MDBH Mobile 3 Inc. wireless stores, Tabas worked six (6) days a week and at least ten (10) hours a day, for a total of approximately sixty (60) hours per week.[43] During the time he worked at the High Speed Wireless 1618, Inc. wireless store, Tabas worked six (6) to seven (7) days a week, for ten (10) hours a day.[44] During his deposition, Hasbani testified that when Tabas worked at the MDBH Mobile 3 Inc. wireless store, he worked the entire day, from the time the store open to the time it closed.[45] Defendants' documents also support that Tabas typically worked six (6) to seven (7) days a week.[46] For instance, Defendants' handwritten internal pay record for Tabas show that, during the time he worked for High Speed Wireless 1618, Inc., he worked six (6)

---

[43] Pl. 56.1 at ¶¶ 93, 98, 113.
[44] *See id.*, at ¶¶ 104-105.
[45] *See id.*, at ¶¶ 114, 120.
[46] *See* Pl. 56.1 at ¶¶ 93Exhibit J ("Ex. J"), Tabas Calendar.

days a week, with the exception of two (2) weeks that he worked seven (7) days per week.[47]

Although Tabas worked more than forty (40) hours per week throughout his employment, Tabas was never paid overtime compensation, or time and a half his regular rate of pay, for the hours he worked beyond forty (40) each week.[48] As stated above, Hasbani testified that none of his employees where paid time and a half when they worked more than forty (40) hours.[49] Hasbani only ever paid his employees, including Tabas, a daily rate.[50]

Like De La Cruz, Tabas easily meets the NYLL's definition of "employee." Defendants employed Tabas as a retail clerk at the various wireless stores, and they controlled the employment relationship by, among other things, (1) suffering and permitting Tabas to work for Defendants' benefit;[51] (2) determining his working conditions and job duties;[52] (3) maintaining control, oversight, and direction over the scheduling and payroll practices applied to him;[53] (4) determining the number of days and hours he worked each week; and, (5) dictating, controlling, and ratifying the compensation policies applied to him.[54] The economic realities of Tabas' employment clearly weigh in favor of him being an "employee" of Defendants as per the NYLL.

### F.    De La Cruz Is Entitled to Damages for Defendants' NYLL Spread of Hours Violations

Under the NYLL, an employee is entitled to recover compensation for an extra hour of work at the minimum wage for each day that the employee works in excess of ten (10) hours. 12 N.Y.C.R.R. § 142–2.4. The relevant regulation provides, in pertinent part, that "An employee shall

---

[47] *See id.*
[48] Pl. 56.1 at ¶¶ 117-118.
[49] *See id.*, at ¶ 158; *see also*, Ex. E, at 75:21-25.
[50] Pl. 56.1 at ¶¶ 116, 155; *see also*, Ex H., at 79:9-11.
[51] Pl. 56.1 at ¶ 130.
[52] *See id.*, at ¶ 144.
[53] *See id.*, at ¶ 132.
[54] *See id.*, at ¶¶ 140, 135.

receive one hour's pay at the basic minimum hourly wage, in addition to the minimum wage required in this Part for any day in which" (a) the spread of hours exceeds 10 hours…" *Id*. As addressed *supra*, De La Cruz almost always worked in excess of ten (10) hours per day. Yet, Defendants did not pay De La Cruz spread of hours compensation. A summary of the spread of hours pay De La Cruz is entitled to is detailed in his Calculations of Damages. *See* Ex. U.

### G. Plaintiffs Are Entitled to Statutory Damages for Defendants' Failure to Provide Them with Wage Notices and Wage Statements Pursuant to NYLL Section 195

The Wage Theft Prevention Act ("WTPA") requires employers to provide a wage notice to an employee at the time of hiring. N.Y. Lab. Law § 195(1)(a). The WTPA has entitled a plaintiff to $50.00 for each workday that a wage notice violation occurs, not to exceed $5,000.00. *See* N.Y. Lab. Law § 198(1-b); s*ee also*, *Zhen Ming Chen v. New Fresco Tortillas Taco LLC*, 2015 WL 5710320, at *8 (S.D.N.Y. Sept. 25, 2015). The WTPA also requires employers to provide employees with a wage statement (or pay stub) with every payment of wages. N.Y. Lab. Law § 195(3). A plaintiff is entitled to $250 for each workday that the violation occurred, not to exceed $5,000. *See* N.Y. Lab. Law § 198(1-d); s*ee also*, *Chen*, 2015 WL 5710320 at *7.

Here, Plaintiffs allege and attest that they never received a wage notice from Defendants at the time they were hired, or at any time thereafter.[55] Amador confirmed that, in her role as store manager, she never gave Plaintiffs a wage notice, or any other documentation indicating the name of their employer, their pay rate, and other information required by statute, at the time of their hiring.[56] Plaintiffs further allege, and the deposition testimony confirms, that they never received complete and accurate wage statements with their weekly earnings throughout their employment.[57]

---

[55] Ex. C, at ¶ 71.
[56] Pl. 56.1 at ¶ 152; *see also*, Ex. H, at 72:12-74:10.
[57] *See id*., at ¶¶ 150, 151.

Particularly, Tabas never received any paystubs with payment of his wages,[58] and De La Cruz only received inaccurate paystubs when he worked at the MDBH Mobile 3 Inc. wireless store, which do not reflect the actual number of hours he worked each week, his overtime rate(s) of pay, or the overtime compensation he was entitled to be paid. Accordingly, Plaintiffs are entitled to recover for Defendants' wage notice and wage statement violations as reflected in their Calculation of Damages. *See* Exhibit T ("Ex. T"), Calculation of Damages, Tabas; Ex. U, Calculation of Damages, De La Cruz.

### H.    Defendant Hasbani Is Personally Liable Pursuant to the FLSA and the NYLL

"A corporate officer with operational control of a corporation's covered enterprise is an employer, along with the corporation, jointly and severally liable" for unpaid wages under the FLSA. *Donovan*, 712 F.2d at 1511. "An employer may include an individual owner who exercises a sufficient level of operational control in the company's employment of employees." *Khurana v. JMP USA, Inc.*, 2017 WL 1251102, at \*9 (E.D.N.Y. Apr. 5, 2017) (citing *Kalloo v. Unlimited Mech. Co. of NY, Inc.*, 977 F. Supp. 2d 187, 201 (E.D.N.Y. 2013)). "In determining whether an individual is an employer, courts consider the same factors that apply to corporations, namely 'whether the individual: (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Khurana*, 2017 WL 1251102, at \*9 (citing *Gillian v. Starjam Rest. Corp.*, 2011 WL 4639842, at \*4 (S.D.N.Y. Oct. 4, 2011); *Gayle v. Harry's Nurses Registry, Inc.*, 2009 WL 605790, at \*9 (E.D.N.Y. Mar. 9, 2009) (quoting *Keun-Jae Moon v. Joon Gab Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002))) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise

---

[58] Ex. H., at 60:3-8, 80:21-24.

is an employer along with the corporation, jointly and severally liab[le] under the FLSA for unpaid wages.").

Here, Plaintiffs allege, and the evidence of the record supports, that Hasbani qualifies as an employer. Hasbani is an owner and officer of each corporate Defendant and exercises operational control over each of the wireless stores.[59] In particular, Hasbani decides the days and hours his cell phone stores are open for business;[60] Hasbani decides employees' rates of pay and location of employment;[61] and he is the direct boss and supervisor of all employees who worked at the wireless stores he owned.[62] As it relates to Plaintiffs, Hasbani hired them to work at the wireless stores he owned, assigned them to particular locations, set their schedules, set their daily rates, decided when they would receive an increase or decrease in pay, and decided the amount of commission they would receive.[63] Furthermore, Hasbani signed the lease agreement on behalf of Cell Phones of Harlem, Inc. to operate a wireless store there, and he is the only signatory to corporate Defendants' bank accounts.[64] These allegations, which Defendants have failed to rebut, clearly establish that Hasbani can be held personally liable for the wage and hour violations alleged and proven by Plaintiffs.

## I.    Plaintiffs Are Entitled to Liquidated Damages

"Under the FLSA, an employer may be liable for liquidated damages 'in an additional equal amount' to the amount owed for 'unpaid minimum wages, or ... unpaid overtime compensation.'" *Begum v. Ariba Discount, Inc.*, 2015 WL 223780, at *2 (S.D.N.Y. Jan. 16, 2015) (quoting 29 U.S.C. § 216(b)). FLSA liquidated damages are compensatory in nature and

---

[59] Pl. 56.1 at ¶ 123, 124.
[60] *See id.*, at ¶ 124.
[61] *See id.*, at ¶ 137.
[62] *See id.*, at ¶¶ 145-147.
[63] *See id.*, at ¶¶ 127-132, 141-142.
[64] *See id.*, at ¶¶ 10-11, 21, 27, 33, 38.

"constitute compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Cesario v. BNI Constr., Inc.*, 2008 WL 5210209, at *5 (S.D.N.Y. Dec. 15, 2008) (internal quotations omitted). The FLSA provides that liquidated damages may be avoided, in the court's discretion, "if the employer 'shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation' of the FLSA." *Id.* at *5 (quoting 29 U.S.C. § 260). Under 29 U.S.C. § 260, the employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness. *Id.* Notably, the employer carries a heavy burden that is difficult to meet and "[d]ouble damages are the norm, single damages the exception." *Id.*

The NYLL also provides for additional recovery in the form of liquidated damages for unpaid overtime compensation and regular wages. Employees may recover liquidated damages equal to 100% of the total unpaid wages owed, unless "the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 198(1-a). Under the NYLL, "liquidated damages are presumed unless defendants can show subjective good faith." *Fermin*, 93 F. Supp. 3d at 47 (quoting *Zubair v. EnTech Eng'g, P.C.*, 900 F. Supp. 2d 355, 360 n. 3 (S.D.N.Y. 2012)).

District courts within the Second Circuit have generally declined to award cumulative liquidated damages under both the FLSA and NYLL. *See, e.g.*, *Granados v. Traffic Bar & Rest.*, 2016 WL 7410725, at *5 (S.D.N.Y. Dec. 21, 2016); *Garcia-Devargas v. Maino*, 2017 WL 129123, at *9 n.10 (S.D.N.Y. Jan. 13, 2017). Rather, an employee may recover "under the statute that provides the greatest relief." *Castillo v. RV Transp., Inc.*, 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11, 2016); *see also Morales v. Mw Bronx, Inc.*, 2016 WL 4084159, at *10 (S.D.N.Y. Aug. 1, 2016)

(courts awarding damages under only one statute "apply whichever ... statute results in the higher award for the plaintiff").

Here, Plaintiffs allege, and the evidence in the record support, that Defendants' violations of the FLSA and NYLL were knowing and willful.[65] Defendants failed to provide a good faith basis for the violations alleged in this Action. Hasbani testified that he never made an effort to inform himself whether his employees are entitled to overtime compensation.[66] He did not even install a time clock to track his employees' work time, or make any other changes to bring the cell phone stores into compliance with the federal and state wage laws.[67] Simply put, he did not care about the cell phone stores' compliance. Accordingly, Plaintiffs are entitled to 100% liquidated damages on their unpaid overtime claims. Importantly, Plaintiffs request that they be awarded liquidated damages solely under the NYLL, rather than the FLSA, as it results in the higher award and greatest relief because they will also be able to recover pre-judgment interest throughout the entire NYLL statutory period, as discussed *infra*.

### J.    Plaintiffs Are Entitled to Pre- and Post-Judgment Interest

In contrast to the FLSA, the NYLL permits the award of both liquidated damages and pre-judgment interest. *Khurana*, 2017 WL 1251102 at *17; *Fermin*, 93 F. Supp. 3d at 48. Moreover, the availability of both NYLL liquidated damages and pre-judgment interest "remains true even where liability is found not only under the NYLL but also under the FLSA." *Begum*, 2015 WL 223780 at *3 (citing *Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 150 n. 7 (2d Cir. 2011)). However, courts do not award statutory prejudgment interest on any portion of a plaintiff's recovery for which liquidated damages were awarded under the FLSA. *Tackie v. Keff Enterprises LLC*, 2014

---

[65] Pl. 56.1 at ¶¶ 166-167.
[66] *See id*., at ¶ 167.
[67] *See id*., at ¶ 153.

WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014). Importantly, for these reasons, Plaintiffs request that this Court award liquidated damages solely under the NYLL so that they may also recover pre-judgment interest on their compensatory damages. *See e.g.*, *Elghourab v. Vista JFK, LLC*, 2019 WL 2431905, at *12 (E.D.N.Y. June 11, 2019); *Rowe*, 2019 WL 4395158, at *9; *Batzin v. Dune Woodworking Inc.*, 2019 WL 3714794, at *6 (E.D.N.Y. May 14, 2019), *report and recommendation adopted*, 2019 WL 4736721 (E.D.N.Y. Sept. 27, 2019).

Under New York law, a prevailing employee is entitled to pre-judgment interest at a rate of 9% per year for a NYLL claim. *See* N.Y. C.P.L.R. § 5001; N.Y. C.P.L.R. § 5004. Courts applying CPLR § 5001 have "wide discretion in determining a reasonable date from which to award pre-judgment interest." *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994). Where, as here, "unpaid wages 'were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all damages from a single reasonable intermediate date.'" *Maldonado v. La Nueva Rampa, Inc.*, 2012 WL 1669341, at *11 (S.D.N.Y. May 14, 2012) (quoting N.Y. C.P.L.R. § 5001(b)). District courts in the Second Circuit have found that a single reasonable intermediate date is the median date between the earliest and latest dates within the statute of limitations period that a plaintiff's wage claim accrued. *See Hernandez v. NJK Contractors, Inc.*, 2015 WL 1966355, at *51 (E.D.N.Y. May 1, 2015) (a single reasonable intermediate date is the median date between the earliest and latest dates each of the plaintiffs' NYLL claims accrued); *Coulibaly v. Millennium Super Car Wash, Inc.*, 12-CV-4760 (CBA)(CLP), 2013 WL 6021668, at *15 (E.D.N.Y. Nov. 13, 2013) (using the midpoint of the plaintiff's NYLL overtime claims to calculate pre-judgment interest).

Additionally, as this case is being litigated in a federal District Court, any "judgment would be governed by the plain language of 28 U.S.C. § 1961, which applies to 'any money judgment in

a civil case recovered in a district court.'" *Khurana*, 2017 WL 1251102 at \*17 (citing 28 U.S.C. § 1961). Plaintiffs, therefore, will be entitled to recover post-judgment interest at the statutorily prescribed federal rate. *See* 28 U.S.C. § 1961(a); 28 U.S.C. § 1961(b).

**K.    Plaintiffs Will Be Entitled to an Automatic Fifteen Percent (15%) Increase with Respect to Any Damages Not Paid within the Later of Ninety (90) Days Following the Issuance of Judgment or the Expiration of the Time to Appeal Pursuant to the NYLL**

Pursuant to NYLL Section 198, "any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law § 198(4); N.Y. Lab. Law § 663(4); *see also*, *Elghourab*, 2019 WL 2431905, at \*12; *Rowe*, 2019 WL 4395158, at \*10; *Martinez v. Dannys Athens Diner Inc.*, 16-CV-7468 (RJS), 2017 WL 6335908, at \*6 (S.D.N.Y. Dec. 5, 2017) (citing *Hernandez v. Jrpac, Inc.*, 14-CV-4176 (PAL), 2016 WL 3248493, \*36 (S.D.N.Y. June 9, 2016); *Rosendo v. Everbrighten, Inc.*, 13-CV-7256 (JGK), 2015 WL 4557147, \*1 (S.D.N.Y. July 28, 2015)). As such, if Defendants fail to satisfy a judgment, if any, rendered within the time periods enumerated in NYLL Sections 198(4) and 663(4), Plaintiffs shall be entitled to an automatic fifteen percent (15%) increase in the amount of damages owed to them.

**L.    Plaintiffs Are Entitled to Reasonable Attorneys' Fees and Costs**

Under both the FLSA and the NYLL, an employee is entitled to reasonable attorneys' fees and the costs of the action should he be the prevailing party. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). If Plaintiffs are the prevailing parties, they request the opportunity to make such a motion at that time.

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court grant their Motion for Summary Judgment against Defendants, jointly and severally, and in favor of Plaintiffs in the following amounts:

For De La Cruz: (1) unpaid overtime, $28,604.47; (2) unpaid minimum wages, $25,289.50; (3) unpaid spread of hours, $11,067.80; (4) NYLL 195(1) damages, $5,000.00; (5) NYLL 195(3) damages, $5,000.00; (6) NYLL liquidated damages, $64,961.77; (7) pre-judgment interest, no less than $22,281.00; (8) post-judgment interest pursuant to 28 U.S.C. § 1961; (9) an automatic 15% increase to any damage award in the event Defendants fail to meet the deadlines for payment on any judgment awarded by this Court; and (9) any other relief this Honorable Court deems just and proper.

For Tabas: (1) unpaid overtime, $18,159.86; (2) NYLL 195(1) damages, $5,000.00; (3) NYLL 195(3) damages, $5,000.00; (4) NYLL liquidated damages, $18,159.86; (5) pre-judgment interest, no less than $9,629.45; (6) post-judgment interest pursuant to 28 U.S.C. § 1961; (7) an automatic 15% increase to any damage award in the event Defendants fail to meet the deadlines for payment on any judgment awarded by this Court; and (8) any other relief this Honorable Court deems just and proper.