UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN DE LA CRUZ and ANTHONY TABAS,        Case No. 1:22-cv-03053-SN

                                Plaintiffs,        **DEFENDANTS' STATEMENT OF FACTS PURSUANT TO F.R.C.P. 56.1**

MDBH MOBILE 3 INC., MRBH MOBILE INC.,
MDBH MOBILE 7 INC., MDBH MOBILE INC.,
CELL PHONES OF HARLEM, INC., HIGH
SPEED WIRELESS 1618, INC., GH WIRELESS
II, INC., and MORIS HASBANI,

                                Defendants.
------------------------------------------------------------------X

Defendants, **MDBH MOBILE 3 INC., MRBH MOBILE INC., MDBH MOBILE 7 INC., MDBH MOBILE INC., CELL PHONES OF HARLEM, INC., HIGH SPEED WIRELESS 1618, INC., GH WIRELESS II, INC.,** and **MORIS HASBANI**, though their attorneys, **HAMRA LAW GROUP, P.C**., allege the following Statement of Facts Pursuant to the Federal Rules of Civil Procedure (F.R.C.P.) and Local Rule 56.1 of the Eastern District of New York:

**DEFENDANTS MDBH MOBILE 3 INC., MRBH MOBILE INC., MDBH MOBILE 7, MDBH MOBILE INC., CELL PHONES OF HARLEM, INC., HIGH SPEED WIRELESS 1618, INC., and GH WIRELESS II, INC.**

1. Defendant MDBH 3 Mobile, Inc., also referred to as "MBDH 3," or "MD3," was located at 2085 Lexington Avenue. See **Exhibit "A**," Deposition Transcript of MORIS HASBANI, at p. 30, l. 12-14, p. 68, l. 20-25, and p. 105, l. 24 - p. 106, l. 2.

2. MDBH 3 Mobile, Inc., kept records of the days its employees were scheduled to work at that store. See **Exhibit "A"** at p. 38, l. 23-25.

3. Defendant MDBH Mobile 3, Inc. was last in operation approximately 2021. See **Exhibit "A"** at p. 32, l. 12-14.

1

4. Defendant MORIS HASBANI was an owner of Defendant MDBH Mobile 3, Inc. See **Exhibit "A"** at p. 32, l. 8-11.

5. Plaintiff ANTHONY TABAS worked at MDBH Mobile 3, Inc., from July 2018 up through and including October 2018. See **Exhibit "A"** at p. 30, l. 6-14, p. 59, l. 24 - p. 60, l. 2, p. 81, 9-10, and p. 82, l. 9.

6. While working at MDBH Mobile 3, Inc., Plaintiff TABAS "decided when he's coming or leaving.". See **Exhibit "A"** at p. 34, l. 6-10.

7. Plaintiff KEVIN DE LA CRUZ worked at MDBH Mobile 3, Inc., from November 2018 up through and including November 2020. See **Exhibit "A"** at p. 36, l. 20-22 and p. 62, l. 5-7; see also **Exhibit "B**," Deposition Transcript of KEVIN DE LA CRUZ, at p. 84, l. 23-24.

8. Defendant MDBH 7 Mobile, Inc., also referred to as "MD7," is a cell phone store located at 271 West 125th Street, New York, New York. See **Exhibit "A"** at p. 54, l. 7-23 and p. 120, l. 16-18.

9. Defendant MORIS HASBANI is the sole owner and operator of MDBH 7 Mobile, Inc.. See **Exhibit "A"** at p. 54, l. 7 – p. 55, l. 20.

10. Plaintiff KEVIN DE LA CRUZ worked at MDBH 7 Mobile, Inc., from July 2020 up through and including July 2020. See **Exhibit "A"** at p. 59, l. 3-5 and p. 62, l. 11-12; see also **Exhibit "B"** at p. 127, l. 2-14.

11. Plaintiff ANTHONY TABAS did not work at MDBH 7 Mobile, Inc.. See **Exhibit "A"** at p. 59, l. 12-14.

12. Defendant MRBH MOBILE INC. is an entity which owned and operated a cell phone store located at 1618 Westchester Avenue, Bronx, New York. See **Exhibit "A"** at p. 43,

l. 10-16.

13. MRBH Mobile Inc.'s ownership of the store located at 1618 Westchester Avenue, Bronx, New York was at or preceded ownership by High Speed Wireless 1618 Inc.. <u>See</u> **Exhibit "A"** at p. 42, l. 23 – p. 44, l. 14.

14. Plaintiff KEVIN DE LA CRUZ worked at MRBH Mobile Inc. and/or High Speed Wireless 1618 Inc. in 2020. <u>See</u> **Exhibit "A"** at p. 52, l. 15-25; <u>see also</u> **Exhibit "B"** at p. 111, l. 8-15.

15. Plaintiff ANTHONY TABAS worked at MRBH Mobile Inc. and/or High Speed Wireless 1618 Inc. from approximately January 2018 up through and including June 2018, being its manager for his entire tenure at the store. <u>See</u> **Exhibit "A"** at p. 51, l. 24 – p. 52, l. 5, p. 59, l. 3-5, and p. 68, l. 14-19; <u>see also</u> **Exhibit "C,"** Deposition Transcript of ANTHONY TABAS, at p. 89, l. 9-24 and p. 91, l. 21.

16. Defendant HIGH SPEED WIRELESS 1618 INC. is owned by Defendant MORIS HASBANI. <u>See</u> **Exhibit "A"** at p. 42, l. 23 – p. 43, l. 4.

17. Defendant MDBH Mobile, Inc., was a cell phone store operating at 14 West 125th Street in the 2010s. <u>See</u> **Exhibit "A"** at p. 10, l. 24 – p. 13, l. 16.

18. Defendant MDBH Mobile, Inc. was also known as "MD1" during its operation. <u>See</u> **Exhibit "A"** at p. 96, l. 12-15 and p. 97, l. 6-7.

19. Defendant MORIS HASBANI was an officer and/or owner of Defendant MDBH Mobile, Inc./MD1. <u>See</u> **Exhibit "A"** at p. 7, l. 11-15.

20. Plaintiff KEVIN DE LA CRUZ worked at MDBH Mobile, Inc./MD1 from February 2017 to 2018, and then again from July 2018 through August 2022. <u>See</u> **Exhibit "B"** at p. 12, l. 25 – p. 13, l. 5, p. 21, l. 16-21, p. 146, l. 9 – p. 147, l. 4.

21. Plaintiff ANTHONY TABAS worked at Defendant MDBH Mobile, Inc./MD1 from January 2017 through approximately January 2018, working in a manager's role for the majority of his time at this store. See **Exhibit "A"** at p. 73, l. 15 – p. 74, l. 6 and p. 96, l. 18-22.

22. Defendant CELL PHONES OF HARLEM, INC., operates a cell phone store located at 16 West 125th Street in Manhattan. See **Exhibit "A"** at p. 15, l. 20-23. Defendant MORIS HASBANI is its president and sole shareholder. See **Exhibit "A"** at p. 16, l. 8-12.

23. Defendant HASBANI "believes" Plaintiff KEVIN DE LA CRUZ worked at the store operated by Defendant CELL PHONES OF HARLEM, INC.. See **Exhibit "A"** at p. 42, l. 17-19.

24. Defendant GH WIRELESS II, INC., is the legal entity which operates the cell phone store known as "Fourth Avenue Wireless," which is located at 43 South Fourth Avenue, in Mount Vernon, New York. See **Exhibit "A"** at p. 60, l. 8-24.

25. Defendant MORIS HASBANI is the owner of Defendant GH WIRELESS II, INC.. See **Exhibit "A"** at p. l. 61, l. 5-7.

26. Plaintiff ANTHONY TABAS worked at Defendant GH WIRELESS II, INC.. See **Exhibit "A"** at p. l. 61, l. 15-17.

### DEFENDANT MORIS HASBANI

27. Defendant MORIS HASBANI (hereinafter, "Defendant") was an owner of Defendant MDBH Mobile 3, Inc. See **Exhibit "A"** at p. 32, l. 8-11

28. Defendant is the sole owner and operator of MDBH 7 Mobile, Inc.. See **Exhibit "A"** at p. 54, l. 7 – p. 55, l. 20.

29. Defendant was an officer and/or owner of Defendant MDBH Mobile, Inc./MD1. See **Exhibit "A"** at p. 7, l. 11-15.

30. Defendant is the president and sole shareholder of CELL PHONES OF HARLEM, INC.. See **Exhibit "A"** at p. 16, l. 8-12.

31. Defendant HIGH SPEED WIRELESS 1618 INC. is owned by Defendant MORIS HASBANI. See **Exhibit "A"** at p. 42, l. 23 – p. 43, l. 4.

32. Defendant is the owner of Defendant GH WIRELESS II, INC.. See **Exhibit "A"** at p. l. 61, l. 5-7.

## PLAINTIFF KEVIN DE LA CRUZ

33. Plaintiff KEVIN DE LA CRUZ (hereinafter, "Plaintiff") started working for Moris Hasbani and his businesses in February 2017. See Deposition Transcript of Kevin de la Cruz, annexed hereto as **Exhibit "B,"** p. 12, l. 7-11.

34. He worked at Defendant Hasbani's Boost Mobile Store (also known as "MD 1") located at 14 West 125th Street, Manhattan, beginning in February 2017. See **Exhibit "B,"** p. 12, l. 25 – p. 13, l. 5, and p. 21, l. 17-18.

35. He was paid $80.00 per day in cash, paid out weekly on every Monday. See **Exhibit "B,"** at p. 15, l. 18 – p. 16, l. 5.

36. Plaintiff worked six days a week and worked a seventh day when he wanted to. See **Exhibit "B,"** at p. 16, l. 6 – p. 17, l. 23.

37. Plaintiff's job responsibilities at MD1 included but were not limited to store maintenance, as well as selling cell phone accessories along with cell phones. See **Exhibit "B,"** at p. 35, l. 17 – p. 36, l. 7.

38. The Plaintiff did not have input as to his daily job responsibilities. See **Exhibit "B,"** at

5

p. 36, l. 8-15.

39. Plaintiff also earned commission on sales of phones. See **Exhibit "B,"** at p. 36, l. 23-25.

40. In January 2018, Plaintiff's received a pay raise from $80.00 to $100.00. See **Exhibit "B,"** at p. 50, l. 2-3.

41. In 2018, Plaintiff was advised by Mayra, one of the managers of MD 1, that she and Plaintiff Anthony Tabas went "half-half" on the store, or in other words, he was half boss. See **Exhibit "B,"** at p.

42. In March 2018, Plaintiff was fired from MD 1. See **Exhibit "B,"** at p. 42, l. 4-5 and p. 56, l. 6-12.

43. While working at MD 1, Plaintiff directly interacted with Defendant Hasbani approximately three to four (3-4) times. See **Exhibit "B,"** at p. 66, l. 16 – p. 67, l. 19.

44. Next, Plaintiff went to work at another Boost Mobile Store, NB3, from March/April 2018 up through and including November 2018. See **Exhibit "B,"** at p. 68, l. 16 and 25, p. 71, l. 7-19.

45. Plaintiff's responsibilities at NB3 included maintaining the store and selling cellphones. See **Exhibit "B,"** at p. 72, l. 16-18.

46. Mr. de la Cruz worked six to seven (6-7) days a week at this store. See **Exhibit "B,"** at p. 73, l. 5-6.

47. Plaintiff's work hours at the store were from 9:30am to 7:30pm. See **Exhibit "B,"** at p. 73, l. 19-20. If he worked a seventh day, Sunday, his hours were 10:30am to 6:00pm. See **Exhibit "B,"** at p. 74, l. 3-7.

48. He was paid $120.00 a day while at this store. See **Exhibit "B,"** at p. 74, l.12-17.

49. Defendant Hasbani was not involved with NB3 in any capacity. See **Exhibit "B,"** at p. 69, l. 11-18.

50. Next, Plaintiff de la Cruz worked at the Boost Mobile Store MD3, located at 2085 Lexington Avenue, from November 2018 up through and including March 2020. See **Exhibit "B**," at p. 84, l. 2-24.

51. His job responsibilities again included store maintenance and selling cellphones and accessories to cellphones. See **Exhibit "B**," at p. 94, l. 7-8, 15-17.

52. Plaintiff earned commission payments from making sales on cellphones and cellphone accessories. See **Exhibit "B**," at p. 94, l. 9-19.

53. Plaintiff was put at MD3 by Defendant Hasbani at Plaintiff's request. See **Exhibit "B,"** at p. 85, l. 16-17.

54. In November 2018, up until March 2020, Plaintiff was earning $100.00 a day. See **Exhibit "B,"** at p. 91, l. 18-20, p. 93, l. 17-20, p. 102, l. 11-13, and p. 107, l. 11-12.

55. In March 2020, Plaintiff received a $20.00 raise, earning $120.00 per day as of March 2020. See **Exhibit "B,"** at p. 107, l. 11-15.

56. Plaintiff was moved to a Boost Mobile store located at 1618 Westchester Avenue, Bronx, New York, in March 2020. See **Exhibit "B,"** at p. 111, l. 8-11. He worked there until July 2020. See **Exhibit "B,"** at p. 128, l. 12-13.

57. In July 2020, Plaintiff was moved to the Boost Mobile store located at 271st West 125th Street (MD7), where he remained until July 2021. See **Exhibit "B**," at p. 135, l. 14-21, p. 136, l. 23, and p. 137, l. 8-14.

58. Plaintiff received a $20.00 pay raise in May 2021 while at MD7. See **Exhibit "B**," at p. 124, l. 8 and p. 140, l. 6-8.

59. Plaintiff was moved back to MD1 in July 2021. See **Exhibit "B,"** at p. 146, l. 8-22. He worked there until April 2022. See **Exhibit "B,"** at p. 147, l. 4.

60. Plaintiff's payrate remained at $140.00 a day. See **Exhibit "B,"** at p. 151, l. 15-24.

61. Plaintiff was fired again from MD1 in 2022 because of a disagreement over job responsibilities. See **Exhibit "B**,**"** at p. 119, l. 4 – p. 120, l. 22.

## PLAINTIFF ANTHONY TABAS

62. Plaintiff Anthony Tabas worked for the Defendants in some capacity from mid-2016 up through and including late-2018. See Plaintiff Tabas' Deposition Transcript, annexed hereto as **Exhibit "C**,**"** at p. 29, l. 9-10 and p. 106, l. 23-25.

63. Plaintiff worked at a Boost Mobile store in Mount Vernon as a sales associate from June 2016 to August 2016. See **Exhibit "C"** at p. 29, l. 9-10, 17-21, and p. 44, l. 2-6. He was paid approximately $120.00 plus commissions. See **Exhibit "C"** at p. 32, l. 4-10.

64. Plaintiff Tabas next worked at Boost Mobile Store MD1, located at 14 West 125th Street, Manhattan, New York, from August 2016 up through approximately January 2018. See **Exhibit "C"** at p. 53, l. 9 – p. 54, l. 3.

65. Plaintiff Tabas received a pay boost to $140.00 dollars when he arrived at the Manhattan Boost Mobile store. See **Exhibit "C"** at p. 55, l. 16-17.

66. When he arrived at the Manhattan Boost Mobile store, Plaintiff was told by Defendant Hasbani that he did not have to strictly follow the rules set out by the store's current manager. See **Exhibit "C"** at p. 64, l. 5-22.

67. In the beginning of 2017, when at the Manhattan Boost Mobile Store, Plaintiff Tabas earned the title of "assistant," received the keys to the store, and began taking on

managerial responsibilities. See **Exhibit "C"** at p. 67, l. 2 – p. 69, l. 7, p. 83, l. 9-15, p. 85, l. 15-18. This job change was the result of him being a "problem solver." See **Exhibit "C"** at p. 67, l. 2-3.

68. He received a ten dollar increase in pay. See **Exhibit "C"** at p. 73, l. 5.

69. In 2017, Plaintiff Tabas was able to get Plaintiff de la Cruz a job at the Manhattan Boost Mobile store. See **Exhibit "C"** at p. 66, l. 4-14.

70. Plaintiff Tabas got Plaintiff de la Cruz this job at or around the time he obtained the keys to the Manhattan store. See **Exhibit "C"** at p. 76, l. 16-21.

71. Plaintiff Tabas and Plaintiff de la Cruz had different job responsibilities, with a crucial difference being Plaintiff Tabas taking on additional managerial responsibilities because he held keys to the store. See **Exhibit "C"** at p. 76, l. 7-15.

72. While working in the Manhattan Boost Mobile Store as an "assistant," Plaintiff Tabas would report directly to Defendant Hasbani every workday on the store's workflow. See **Exhibit "C"** at p. 72, l. 2-8.

73. Plaintiff Tabas had authority from Defendant Hasbani to decide his own daily work responsibilities. See **Exhibit "C"** at p. 85, l. 19 – p. 86, l. 14.

74. In early 2018, after working at the Manhattan Boost Mobile Store, Plaintiff Tabas worked at a Boost Mobile Store located on Westchester Avenue in the Bronx until August or September of 2018. See **Exhibit "C"** at p. 89, l. 9-18 and p. 90, l. 24 – p. 91, l. 14.

75. Plaintiff Tabas was moved from the Manhattan store to the Westchester Avenue store by Defendant Hasbani "to manage that [Westchester Avenue] store." See **Exhibit "C"** p. 91, l. 15-21 and p. 92, l. 3-7.

76. Plaintiff Tabas was given the title of "Manager." See **Exhibit "C"** at p. 92, l. 8-11.

77. Mr. Tabas' job responsibilities at the Westchester Avenue Boost Mobile Store were essentially the same as his responsibilities at the Manhattan Boost Mobile Store. See **Exhibit "C"** at p. 92, l. 12-24.

78. In addition, Plaintiff Tabas had independent authority to designate employees for daily, individualized job responsibilities. See **Exhibit "C"** at p. 100, l. 20 – p. 101, l. 7.

79. He received a pay raise from $150.00 to $170.00. See **Exhibit "C"** at p. 96, l. 12-15.

80. In August 2018, Plaintiff Tabas began working at a Boost Mobile Store located on 2085 Lexington Avenue and 125th Street in Manhattan. See **Exhibit "C"** at p. 105, l. 13-25. He worked at the 2085 Lexington Avenue Boost Mobile Store until mid-October 2018, which was "the end of [his] Boost Mobile career." See **Exhibit "C"** at p. 106, l. 21-25.

81. Plaintiff Tabas was responsible for all aspects of running the Lexington Avenue Boost Mobile Store. See **Exhibit "C"** at p. 118, l. 7-16.

82. Plaintiff Tabas' rate of pay decreased while at the Lexington Avenue Boost Mobile Store because of lesser sales and foot traffic. See **Exhibit "C"** at p. 120, l. 19-23.

Dated: Great Neck, New York
June 26, 2023

Yours etc.,

HAMRA LAW GROUP, P.C.
/s/ *Deborah R. Kick*
By: **DEBORAH R. KICK, ESQ.**
1 Linden Place, Suite 207
Great Neck, New York 10021
T. (646) 590 – 0571
dkick@hamralawgroup.com