UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KEVIN DE LA CRUZ, et al.,

                 **Plaintiffs,**

     -against-

MDBH MOBILE 3 INC., et al.,

                 **Defendants.**

-----------------------------------------------------------------X

22-CV-03053 (SN)

**ORDER ON SANCTIONS**

**SARAH NETBURN, United States Magistrate Judge:**

       The Court scheduled oral argument on the parties' cross-motions for summary judgment for February 9, 2024. Defense counsel, Kevin Johnson, failed to appear, and the Court adjourned the conference to February 26, 2024. After being unable to reach Mr. Johnson in the weeks following his non-appearance, the Court ordered him to show cause why he should not be sanctioned for his failure to comply with the Court's February 1, 2024 Order (scheduling the February 9 conference), under Federal Rule of Civil Procedure 16(f)(1). ECF No. 76. On February 26, 2024, Mr. Johnson appeared at the rescheduled hearing and requested to have until Friday, March 1, 2024, to respond to the Court's Order to Show Cause. The Court granted Mr. Johnson's request, but by March 8, 2024, he had not filed any response. The Court then set a March 13, 2024 deadline for Mr. Johnson to respond to the Order to Show Cause. Mr. Johnson still has not filed any response.

       Under Rule 16(f)(1), the Court may sanction an attorney if he: "(A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial

order." Mr. Johnson failed to appear at the February 9, 2024 conference, satisfying the first basis for sanctions. Mr. Johnson has also twice failed to obey the Court's deadlines for responding to the Order to Show Cause, satisfying the third basis for sanctions.

Rule 16(f)(2) further provides that the Court "must order the [violating] party, its attorney, or both to pay reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award unjust." Despite multiple opportunities and six weeks to do so, Mr. Johnson has not provided any substantial justification for his lapses, which have wasted the time of Plaintiffs' counsel and Court staff. Accordingly, the Court sanctions Mr. Johnson pursuant to Rule 16(f)(1).

## CONCLUSION

Mr. Johnson is ORDERED to pay Plaintiffs' counsel for one hour at counsel's prevailing market rates for missing the February 9, 2024 conference. By March 25, 2024, Plaintiffs' counsel shall advise Mr. Johnson of their hourly rate. By April 1, 2024, Mr. Johnson shall make the payment. Additionally, by May 31, 2024, Mr. Johnson is ORDERED to earn at least two ethics CLE credits related to firm administration and/or legal practice management. By that date, Mr. Johnson shall file a certification or other proof that he has earned those CLE credits.

Nothing in this Order modifies the May 20, 2024 final pretrial deadline. ECF No. 83.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   March 18, 2024
         New York, New York