UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KEVIN DE LA CRUZ, et al.,

                      **Plaintiffs,**                    22-CV-03053 (SN)

              -against-                      **ORDER ON CIVIL**
                                                                      **CONTEMPT**

MDBH MOBILE 3 INC., et al.,

                        **Defendants.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       Kevin Johnson represents the Defendants in this action (along with Jason Mizrahi of the law firm Levin-Epstein & Assoc.). The Court has not yet granted the proposed order granting substitution of counsel because Mr. Johnson remains in default of the Court's prior orders and has not been relieved as counsel for the defendants. See ECF No. 92. The Court does not intend to grant that substitution order until Mr. Johnson complies with the Court's numerous prior orders.

       The Court most recently ordered Mr. Johnson to show cause by June 21, 2024, why the Court should not hold him in civil contempt. ECF No. 96. "A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004) (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)).

       Mr. Johnson's repeated violations of this Court's orders satisfy these elements. Particularly, on March 18, 2024, the Court sanctioned Mr. Johnson by ordering the following:

> Mr. Johnson is ORDERED to pay Plaintiffs' counsel for one hour at counsel's prevailing market rates for missing the February 9, 2024 conference. By March 25, 2024, Plaintiffs' counsel shall advise Mr. Johnson of their hourly rate. By April 1, 2024, Mr. Johnson shall make the payment. Additionally, by May 31, 2024, Mr. Johnson is ORDERED to earn at least two ethics CLE credits related to firm administration and/or legal practice management. By that date, Mr. Johnson shall file a certification or other proof that he has earned those CLE credits.

ECF No. 85. That order unambiguously required Mr. Johnson to file proof that he earned the ethics CLE credits by May 31, 2024. Mr. Johnson never filed that proof, thereby violating the Court's clear and unambiguous order. To date, Mr. Johnson has made no attempt to comply with that Order. He did not respond to the Court's related Order to Show Cause, despite the Court emailing the Order to him directly. Instead, Mr. Johnson has displayed the opposite of diligence by disappearing from this case. The Court has also expended significant resources chasing Mr. Johnson to reach compliance. Accordingly, I hold Mr. Johnson in civil contempt.

At issue, then, is the appropriate remedy for Mr. Johnson's contempt. "In deciding whether to impose a coercive remedy, the district court must consider '(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him.'" EEOC v. Local 638, 81 F.3d 1162, 1177 (2d Cir. 1996). The Court sanctioned Mr. Johnson for repeatedly violating its orders. Instead of complying with the Court's sanctions order, Mr. Johnson stopped engaging in this litigation, prejudicing his former clients. This reflects the strong need for Mr. Johnson to complete ethics CLE credits. Additionally, Mr. Johnson's conduct demonstrates the need for a coercive remedy; he has shown that he will flagrantly disregard the Court's orders absent an incentive. As an attorney who owns a law firm, Mr. Johnson can presumably afford a

modest coercive sanction to incentivize his compliance. Accordingly, the Court fines Mr. Johnson $100 per business day until he files proof that he has earned two ethics CLE credits.

## CONCLUSION

The Court holds Mr. Johnson in civil contempt. Starting July 1, 2024, and for every business day thereafter, he is fined $100 per business day until he files proof that he has completed two ethics CLE credits related to firm administration and/or legal practice management.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   June 27, 2024
         New York, New York